IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | | |
|---|---|---|
| *DARRELL DANCY,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. |
| *WIRELESS VISION, LLC* | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Wireless Vision, LLC ("Wireless Vision"), by and through its attorneys, and hereby files its Notice of Removal of this action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.  In support thereof, Wireless Vision states as follows:

1.      Plaintiff Darrell Dancy has filed a civil action against Wireless Vision in the Circuit Court for St. Louis County, Missouri, Case No. 19SL-CC04641 (hereinafter "State Court Action").  Plaintiff alleges three counts: Count I for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*; Count II for race discrimination under 42 U.S.C. §1981; and the Missouri Service Letter Statute, Section 290.140 RSMo.

2.      The action is pending in the Circuit Court for St. Louis County, Missouri, which is located within the Eastern Division of the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Eastern District of Missouri, Eastern Division.

3.      Appended hereto as *Exhibit A* is a copy of all process, pleadings, and orders served upon Wireless Vision. *See* 28 U.S.C. § 1446(a).

4.      As a result, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      This action is being removed to this Court and this Court has jurisdiction over this removed action (under 28 U.S.C. § 1441(a)) because this action could have been originally filed in this Court based on federal-question jurisdiction (under 28 U.S.C. § 1331) and based on diversity of citizenship (under 28 U.S.C. §1332(a)(1)).

6.      Specifically, in his State Court Action, Plaintiff alleges that Wireless Vision terminated his employment in violation of federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (Count I), and 42 U.S.C. §1981 (Count II). *Exh. A*, p. 1, 5. Plaintiff also brings claims alleging violation of the Missouri Service Letter Statute, Section 290.140 RSMo. (Count III). *Exh. A*, Peition, p. 6.

7.      This Notice of Removal contains a short and plaint statement of the grounds for removal and is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

8.      Although Plaintiff commenced the State Court Action on or about October 15, 2019, Plaintiff did not serve Wireless Vision with process until May 14, 2020. This Notice of Removal is being filed within thirty (30) days after Wireless Vision received, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). As a result, this Notice is timely filed. *Id.*

9.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, which arises out of the same circumstances. Specifically, Plaintiff's claims

in relation to the Missouri Service Letter Statute also arise from his termination of employment by Wireless Vision, the same facts and circumstances at issue in his federal law claims.

10.     As additional grounds for removal, there is diversity pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiff is a citizen of the State of Illinois.  *Exh.* A, Petition, p. 1.  Wireless Vision is a Michigan limited liability company.  None of its members are citizens of the State of Illinois or Missouri, and none of the entities or individuals who own Wireless Vision are citizens of the State of Illinois or Missouri.

11.     Diversity jurisdiction pursuant to 28 U.S.C. § 1332 also requires that the amount in controversy be in excess of $75,000, exclusive of interests and costs.  While Plaintiff does not state the dollar amount of damages he is seeking, Plaintiff seeks damages which include but are not limited to lost wages, benefits, liquidated damages, attorneys' fees, and punitive damages.  *Exh. A*, Petition, pp. 5-7.

12.     Taking into account the damages sought, the amount in controversy easily exceeds the $75,000.00 threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) ("defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Fenlon v. Burch*, No. 4:15–CV–00185(JCH), 2015 WL 928558, *2 (E.D. Mo. Mar. 4, 2015) ("District courts should accept the defendant's statement "when not contested by the plaintiff or questioned by the court.") (*quoting Dart Cherokee Basin Operating Co.*, 574 U.S. at 83).

13.     Wireless Vision's Notice to Plaintiff of Removal informing Plaintiff that the state-court case has been removed is being filed as a separate document.

3

14. Wireless Vision will file with this Court, within three (3) business days, its file-stamped Notice to State Court of Removal, and that filing will reflect its acknowledgement by the Clerk of the Circuit Court of St. Louis County.

15. In filing this Notice of Removal, Wireless Vision reserves the right to any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of its right to assert any defenses including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure. Wireless Vision further reserves the right to amend or supplement this Notice of Removal.

16. As further required, the Original Filing Form is appended hereto as *Exhibit B*, and the Civil Cover Sheet is appended hereto as *Exhibit C*.

**WHEREFORE**, Defendant Wireless Vision, LLC hereby removes this case from the 21st Judicial Circuit Court, St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

SANDBERG PHOENIX & von GONTARD P.C.


By:  */s/ Narcisa Przulj*_____
Narcisa Przulj, #59755MO
Benjamin R. Wesselschmidt, #66321MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
nprzulj@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com

*Attorneys for Defendant*
*Wireless Vision, LLC*

13477216.1

## <u>Certificate of Service</u>

 I hereby certify that on the 12th day of June 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Richard J. Magee
The Magee Law Firm, LLC
rmageelaw@gmail.com

*/s/ Narcisa Przulj*_____

13477216.1