**19SL-CC04641**

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

DARRELL DANCY             )
                      )
        Plaintiff        )
                      )
                      )
v.                      )        Cause No
                      )
                      )        Jury Trial Demanded
WIRELESS VISION, LLC     )
Serve registered agent:      )
CSC Lawyers Incorporating Service  )
221 Bolivar St.           )
Jefferson City, MO 65101    )
                      )
        Defendant     )

## PETITION FOR DAMAGES AND OTHER RELIEF

### Count I--Title VII of the Civil Rights Act

COMES NOW Plaintiff and for Count I of his Petition against Defendant states as follows:

1.      That Plaintiff is an individual who resides in the State of Illinois and at all times relevant hereto worked at Defendant's store in Ferguson, Missouri selling T-Mobile cell service.

2.      That Defendant is a limited liability company organized and existing under and by virtue of the laws of the State of Michigan. Defendant is authorized to do business in the State of Missouri. At all times relevant hereto, Defendant had a store in Ferguson Missouri.

3.      Defendant is an employer with more than 15 employees.

4.      That this court has jurisdiction because it is a State Court of competent jurisdiction.

5.      That Plaintiff was employed by Defendant as a retail store manager from March

EXHIBIT
A

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

3, 2014 to February 19, 2016 at its Ferguson, Missouri store.

6.      That this action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq. for employment discrimination based upon race.

7.      That Plaintiff is African American; he was qualified for his position with Defendant; he sustained an adverse employment in that he was discharged from his employment on February 19, 2016 purportedly for credit class R Fraudulent transactions occurring in the store that he managed and Defendant falsely asserted that Plaintiff did not address the fraudulent transactions with his team and was allowing these fraudulent transactions to take place in his store. Plaintiff did address the transactions with his team and did not allow the fraudulent transactions.

8.      That a similarly situated employee who was not African American was involved in multiple unethical acts and was treated more favorably than Plaintiff in that he was not disciplined and, in fact, was promoted.

9.      That even though Plaintiff was issued a corrective action on January 13, 2016 for alleged Credit Class R transactions, in February,2016, the following management personnel: Jeff Simon and Ed Staid, requested that Plaintiff travel to New York City to be part of the opening of new retail outlets in the New York area. Plaintiff had achieved good results at the Ferguson store and management wanted Plaintiff to help train the New York employees.

10.      When it appeared that the trip would occur before the birth of his child Plaintiff agreed to go on the trip. However, when Plaintiff learned that the date to induce the birth of his child was set for March 1, 2016, in mid-February,2016, Plaintiff advised management that he could not make the trip as it would be impossible to be in New York and be back in in St. Louis for the birth of his child.

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

11.     Management was very displeased with Plaintiff's decision and made Plaintiff write a letter of apology to the group of employees who were scheduled to go on the New York trip. Management's displeasure with Plaintiff's decision and taking the unusual step of making Plaintiff write a letter of apology to his co-workers revealed a racial bias on the part of management because management wanted Plaintiff on the New York trip because the T-Mobile product sold by Defendant has a large African-American customer base. Accordingly Plaintiff's presence on the trip would be an asset to Defendant in opening new retail outlet because Plaintiff could be held up as an example to African-American employees at the new retail outlets that African-Americans are a valued part of the Wireless Vision Team.

12.     So long as Plaintiff could serve that purpose, management was willing to overlook the alleged credit class r transactions, but once that purpose ended, Defendant used the alleged credit class r transactions as a reason to terminate Plaintiff's employment.

13.     On February 19, 2016, Plaintiff was discharged from his employment with Defendant.

14.     The discharge was purportedly based upon the alleged credit class R transactions and Plaintiff's alleged failure to supervise his employees in a way that would eliminate this problem. However, Plaintiff was taking proactive steps to prevent the credit class r transactions from occurring at the store he managed. Yet, the inability to use Plaintiff's race as an example during the New York trip motivated Defendant 's decision to discharge Plaintiff. In making the decision to discharge Plaintiff,  management did not consider Plaintiff's excellent performance and the pro-active steps that he took to eliminate the credit class r transactions. The stated reason was a pretext to discharge Plaintiff from his employment and to hide the fact that the decision to terminate Plaintiff's employment was motivated by his race.

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

15.     Further evidence of Defendant's racial animus towards Plaintiff as an African American can be inferred from Defendant disparate treatment of Plaintiff in that similarly situated non-African- American employees had not been disciplined or terminated for documented incidents of misconduct equal to or greater in significance than the charges made against Plaintiff..

16.     That on November 15, 2016, Plaintiff completed and signed the Equal Employment Opportunity Commission questionnaire and checked the box on the questionnaire that constitutes a request that the Equal Employment Opportunity commission file a charge of discrimination and authorized the EEOC to investigate his charge of discrimination. A copy of said signed questionnaire is marked as Exhibit 1 and is attached hereto and incorporated herein by reference.

17.     On or about December 10, 2018 a charge of discrimination was filed, a copy of said charge of discrimination is marked as Exhibit 2 and is attached hereto and incorporated by reference herein.

18.     On July 17, 2019 a notice of right to sue letter was issued by the Equal Employment Opportunity Commission. A copy of said notice of right to sue letter is marked as Exhibit 3 and is attached hereto and incorporated herein by reference. Therefore, Plaintiff has exhausted his administrative remedies.

19.     That this lawsuit was filed within 90 days of the date of said letter.

20.     That as a result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff has sustained damages in the form of lost wages and benefits and compensatory damages in the form of emotional distress, humiliations, embarrassment and loss of dignity and reputation.

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

21.     That Defendant's discharge of Plaintiff and violation of his protected rights was willful, wanton and malicious, thus entitling Plaintiff to an award of punitive damages to deter such conduct from occurring in the future.

22.     That Plaintiff has incurred and will continue to incur attorney's fees.

WHEREFORE, on Count I hereof, Plaintiff prays for judgment against Defendant for actual and compensatory damages in an amount that is fair and reasonable and in excess of $25,000.00 (the amount is stated only to invoke the jurisdiction of the Circuit Court), for punitive damages, for reasonable attorney's fee, for an injunction ordering that Plaintiff be reinstated to his position with Defendant, with back pay and benefits, or, in the alternative, front pay, for his costs expended herein and for such other and further orders as this Honorable Court shall deem just and proper.

### Count II-42 U.S.C. Section 1981

COMES NOW Plaintiff and for Count II of his cause of action against defendant states as follows:

1.     That Plaintiff incorporates by reference the allegations set forth in Count I hereof.

2.     42 U.S.C. Section 1981 provides that African Americans have the same rights to make and enforce contracts as white citizens. The right to make and enforce contracts includes the same rights to employment as is enjoyed by white citizens. These rights are protected against impairment by non-governmental discrimination. Therefore, the section applies to Plaintiff's employment with Defendant

3.     That as a result of Defendant's wrongful termination of Plaintiff because of Plaintiff's race in violation of 42 U.S.C. Section 1981 Plaintiff has sustained actual damages in the form of lost wages and benefits, and compensatory damages for embarrassment, humiliation,

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

loss of dignity and garden variety emotional distress.

4.     That Defendant's wrongful discharge of Plaintiff was done willfully, wantonly and in total disregard of Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages in order to deter future unlawful conduct.

5.     That as a result of Defendant's wrongful conduct, Plaintiff has incurred and will continue to incur attorney's fees and other costs of litigation and is entitled to be compensated for said fees and costs pursuant 42 U.S.C. Section 1981.

WHEREFORE, on Count II hereof, Plaintiff prays for judgment against Defendant for actual and compensatory damages in an amount that is fair and reasonable and in excess of $25,000.00 (the amount is stated only to invoke the jurisdiction of the Circuit Court), for punitive damages, for reasonable attorney's fee, for an injunction ordering that Plaintiff be reinstated to his position with Defendant, with back pay and benefits, or, in the alternative, front pay, for his costs expended herein and for such other and further orders as this Honorable Court shall deem just and proper.

**Count III-Service Letter**

COMES NOW Plaintiff and for Count III of his Petition against Defendant states as follows:

1.     That Plaintiff incorporates by reference Count I hereof.

2.     That Plaintiff sent Defendant a service letter request by certified mail pursuant to Section 290.140 R.S.Mo. The letter referenced Section 290.140 R.S.Mo., a copy of the letter is marked as Exhibit 4 and is attached hereto. The letter was received by Defendant on December 12, 2016.

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

3.      That by letter dated December 14, 2016, Defendant responded to Plaintiff's service letter request. A copy of said letter is marked as Exhibit 5 and is attached hereto and incorporated herein by reference. The letter did not comply with Section 290.140 R.S.Mo. in that the letter did not truly state the reason that Plaintiff was discharged from his employment with Defendant. In fact, the letter did not contain any statement as to the reason Plaintiff 's employment was terminated.

4.      That sending a service letter that does not comply with the requirements of Section 290.140 R.S. Mo. is equivalent to sending no letter at all.

5.      That Plaintiff has sustained nominal damages as a result of his failure to receive a service letter that met the requirements of Section 290.140. R.S.Mo.

6.      That Defendant's failure to respond with a proper service letter was willful, wanton, malicious and done with an evil motive and a reckless disregard for the rights of others thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, on Count III hereof, Plaintiff prays for judgment against Defendant for award of nominal damages, for an award of punitive damages, for his costs expended herein and for such other and further orders as this Honorable Court shall deem just and proper.

**MAGEE LAW FIRM, LLC**

/s/Richard J. Magee_____
Richard J. Magee (#29943)
Attorney for Plaintiff
200 S. Hanley Rd., Suite 500
St. Louis, Missouri  63105
(314) 960-3224
(314) 480-7000 (facsimile)
rmageelawyer@gmail.com

19SL-CC04641

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

**DUPLICATE OF A DIGITAL DOCUMENT**

DUPLICATE OF US DIGITAL DOCUMENT
IN

**EEOC St. Louis District Office**
Ph# 314-539-7800
Fax# 314-539-7510
1222 Spruce St, RM 8.100
St. Louis, MO 63103
EEOC File # 560-2017-00261

Please immediately complete this enti Commission ("EEOC"). **REMEMBER**, a charge of employ... time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we rece... this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

## 1. Personal Information

Last Name: Dancy    First Name: Darrell    MI: L
Street or Mailing Address: 1224 Merriam Parkway    Apt or Unit #:
City: O'Fallon    County: St. Clair    State: IL    Zip: 62269
Phone Numbers: Home: (618) 580-5373    Work: ( )
Cell: ( )    Email Address: darrell.dancy@yahoo.com
Date of Birth: 5/27/84    Sex: ☑ Male ☐ Female    Do You Have a Disability? ☐ Yes ☑ No

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native    ☐ Asian    ☐ White
☑ Black or African American    ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? United States

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**
Name: Meghan Dancy    Relationship: Wife
Address: 1224 Merriam Parkway    City: O'Fallon    State: IL    Zip Code: 62269
Home Phone: (314) 952-8814    Other Phone: ( )

## 2. I believe that I was discriminated against by the following organization(s): (Check those that apply)

☑ Employer    ☐ Union    ☐ Employment Agency    ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**
Organization Name: Wireless Vision / T-Mobile
Address: 1887 West Florissant Ave.    County: St. Louis
City: Ferguson    State: MO    Zip: 63136    Phone: (314) 522-0839
Type of Business: Sales    Job Location if different from Org. Address:
Human Resources Director or Owner Name: Lauren Thomas    Phone: (248) 662-7845
Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15    ☐ 15 – 100    ☐ 101 – 200    ☐ 201 – 500    ☑ More than 500

## 3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☑ No

Date Hired: 3/1/14    Job Title At Hire: Retail Store Mgr
Pay Rate When Hired: 65,000 / 48K Base    Last or Current Pay Rate: 98,000 / 48K Base
Job Title at Time of Alleged Discrimination: Retail Store Mgr    Date Quit/Discharged: 2/19/16
Name and Title of Immediate Supervisor: Dan Hughes / Area Manager
If Job Applicant, Date You Applied for Job _____ Job Title Applied For _____

EXHIBIT 1

1

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☑ Race ☐ Sex ☐ Age ☐ Disability ☐ National Origin ☐ Religion ☑ Retaliation ☑ Pregnancy ☒ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing    ii. family medical history    iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed. *(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: 2/16 _____ Action: I removed myself from a planned training trip to N.Y. due to the birth of my second child

Name and Title of Person(s) Responsible: Dan Hughes / Ed Stold

B. Date: 2/16 _____ Action: These two put into motion my termination for pulling out of the trip

Name and Title of Person(s) Responsible: Dan Hughes / Ed Stold

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.

They were aware of my wife's due date. I was approved for FMLA. Their reason for termination was beyond my control. Others who were involved were not terminated.

**7. What reason(s) were given to you for the acts you consider discriminatory?** By whom? His or Her Job Title?

Others in St. Louis who had the exact scenario occur w/ their location were not disciplined w/ termination.

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. Walid Javed, Middle eastern, Male, 24.

This person was involved in multiple unethical acts, not was not

B. disciplined and was promoted.

_____

_____

2

00069

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____

_____

B. _____

_____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _____

_____

B. _____

_____

**Answer questions 9-12 *only* if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell us if you have more than one disability.  Please add additional pages if needed.**

9.  Please check all that apply:     ☐ Yes, I have a disability
                                      ☐ I do not have a disability now but I did have one
                                      ☐ No disability but the organization treats me as if I am disabled

10.  What is the disability that you believe is the reason for the adverse action taken against you?  Does this disability prevent or limit you from doing anything?  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____

_____

_____

11.  Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
        ☐ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

12.  Did you ask your employer for any changes or assistance to do your job because of your disability?
        ☐ Yes ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask?  (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

_____

How did your employer respond to your request? _____

_____

_____

3

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

**13. Are there any witnesses to the alleged discriminatory incident(s)?** If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|
| | | | |

A. _____

B. _____

**14. Have you filed a charge previously on this matter with the EEOC or another agency?** ☐ Yes ☑ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

**16. Have you sought help about this situation from a union, an attorney, or any other source?** ☐ Yes ☑ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☑ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above.
I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____     11/5/14
Signature                            Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.6(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.

5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

19SL-CC04641

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | Perfected  560-2017-00261 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Darrell Dancy** | **(618) 580-5373** | **05/27/1984** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **14306-3 Willowbend Park, Chesterfield, MO 63017** | | |

c/o MAGEE LAW FIRM, LLC 200 S. HANLEY RD. SUITE 500 CLAYTON, MO 63105

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **WIRELESS VISION / T-MOBILE** | **500 or More** | **(314) 522-0839** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **1887 West Florissant Ave.,  Ferguson, MO 63135** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |
| ☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | 02-19-2016 / 02-19-2016 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

SEE ATTACHED STATEMENT OF PARTICULARS

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *Richard J. Magee #29943*  12/10/2018   *Attorney for Darrell Dancy* Date         Charging Party Signature  RICHARD J. MAGEE | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT 2

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

Statement of Particulars in Charge No. 560-2017-00261

On March 1, 2014, Charging Party was hired by Wireless Vision/ T-Mobile as a Retail Store Manager. On February 19, 2016, Charging Party was discharged by Wireless Vision/T-Mobile. Specifically, Dan Hughes and Ed Stald were the decision makers. Since Wireless Vision/T-Mobile has refused to truly state the reasons for Charging Party's discharge in its response to Charging Party's request for a service letter, the reason(s) for the discharge are not known. Charging Party is an African American male, who was and is qualified for the position of retail store manager, who sustained an adverse employment action in that he was discharged. There were other similarly situated employees who are not African Americans who were treated more favorably than Charging Party. Dan Hughes and Ed Stald had significant, unreasonable and irrational hostility towards Charging Party's request for family medical leave for the birth of his child raising an inference that the hostility was motivated by the fact that Charging Party's wife is white.

While Wireless Vision/T-Mobile has refused to comply with the service letter requirements set forth in Section 290.140 R.S.Mo., at the time of discharge Wireless Vision/T-Mobile gave a false reason for the discharge in that the reason given was an alleged failure on the part of Charging Party to address fraudulent credit class r transactions that occurred at his store with his team. Charging Party has a significant amount of proof that he did address the problem with the store employees as directed by management. At no time, has Wireless Vision/T-Mobile ever alleged that Charging Party personally engaged in a fraudulent credit class r transaction. In the termination document, WirelessVision/T-Mobile falsely stated that on 1/13/2016, Charging Party had been issued corrective action for fraudulent credit class r transactions. The 1/13/2016 record of conversation states that "while investigating credit class r transactions…it was discovered that DaRell was leaving himself signed on at pods in the store…" Verizon Wireless/T-Mobile characterized the 1/13/2016 record of conversation as a "formalized coaching and development conversation." In discharging Charging Party, Verizon Wireless/T-Mobile did not follow its progressive discipline policy. Moreover, other retail managers with fraudulent credit class r transactions occurring in their stores were not disciplined.

EEOC Form 161-B (11/16)

**19SL-CC04641**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Darrell Dancy<br>14306-3 Willowbend Park<br>Chesterfield, MO 63017 | From: St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No.<br><br>**560-2017-00261** | EEOC Representative<br>**Walter H. Harris, III,<br>Investigator** | Telephone No.<br><br>**(314) 539-7936** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Lloyd J. Vasquez, Jr.,
District Director**

7-17-19

*(Date Mailed)*

Enclosures(s)

cc: Irene Ballard
Manager-Legal Projects
T-MOBILE
12920 SE 38th St.
Bellevue, WA 98006

Richard Magee
Magee Law Firm, LLC.
200 S. Hanley Rd.
Ste 500
Clayton, MO 63105

EXHIBIT 3

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

**19SL-CC04641**

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM

Darrell Dancy
1224 Merriam Parkway
O'Fallon, Illinois 62269

Certified Mail-Return Receipt
Requested

November 16, 2016

Wireless Vision
c/o Registered Agent
CSC-Lawyers Incorporating Service Company
221 Bolivar St.
Jefferson City, MO 65101

     Re:    Darrell Dancy--SS# 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

Dear Sir/Madam:

    I was terminated from my employment with Wireless Vision on February 19, 2016. Pursuant to Section 290.140 R.S. Mo., this is written to request a service letter. Please send the letter to the above referenced address.

                            Very truly yours,

                            Darrell Dancy

EXHIBIT 4

I9SL-CC04641

Electronically Filed - St Louis County - October 15, 2019 - 08:39 PM



WIRELESS
VISION
**T** · ·Mobile·

December 14, 2016

Darrell Dancy
1224 Merriam Parkway
O'Fallon, Illinois 62269

To Whom It May Concern:

This letter is to certify that Mr. Darrell Dancy (XXX-XX-3763) was employed with Wireless Vision, LLC as a Retail Store Manager from March 3, 2014 to February 19, 2016.

Sincerely,

Miranda Bacall
Payroll Coordinator
Wireless Vision, LLC
(248) 865-0900 X-131

EXHIBIT 5

000048 a

40700 Woodward Avenue, Suite 250 Bloomfield Hills, MI 48304   Phone: (248) 865-0900   Fax: (248) 633-2472



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  19SL-CC04641 |
|---|---|
| Plaintiff/Petitioner:<br>DARRELL DANCY | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD J MAGEE<br>200 SOUTH HANLEY ROAD<br>SUITE 500<br>vs.   CLAYTON, MO  63105 |
| Defendant/Respondent:<br> WIRELESS VISION, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to:  WIRELESS VISION, LLC<br> Alias: |
|---|

**CSC LAWYERS INCORP SERV**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

  <u>21-OCT-2019</u>
    **Date**
    Further Information:
    LG

                                       /Clerk

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                     Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

        Subscribed and sworn to before me on _____ (date).

*(Seal)*    My commission expires: _____   _____
                             Date                          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 01, 2020 - 04:02 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| DARRELL DANCY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 19SL-CC04641 |
| v. | ) | |
| | ) | |
| | ) | Division No. |
| WIRELESS VISION, LLC | ) | |
| Serve registered agent: | ) | |
| CSC Lawyers Incorp Service | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REQUEST FOR ISSUANCE OF AN ALIAS SUMMONS**

COMES NOW Plaintiff and requests issuance of an alias summons directed to Defendant as follows:

> Wireless Vision, LLC
> Serve registered Agent:
> CSC Lawyers Incorp Service
> 221 Bolivar St.
> Jefferson City, MO 65101

The original summons was not served and is filed herewith as Exhibit 1 due to an administrative problem in not forwarding the summons to the Sheriff of Cole County, Missouri. Therefore, request is hereby made for issuance of an alias summons directed to Defendant.

**MAGEE LAW FIRM, LLC**

*/s/Richard J. Magee*
Richard J. Magee #29943
200 S. Hanley Rd., Suite 500
Clayton, MO 63105
314-960-3224
Fax: 314-480-7000
Rmageelawyer@gmail.com
***Attorney for Plaintiff***



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  19SL-CC04641 |
|---|---|
| Plaintiff/Petitioner:<br>DARRELL DANCY<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD J MAGEE<br>200 SOUTH HANLEY ROAD<br>SUITE 500<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br> WIRELESS VISION, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

The State of Missouri to:  **WIRELESS VISION, LLC**
**Alias:**

**CSC LAWYERS INCORP SERV**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>02-JAN-2020</u>
**Date**

**Further Information:**
**CD**

_____
**Clerk**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
<div align="center">Printed Name of Sheriff or Server                Signature of Sheriff or Server</div>
<div align="center">**Must be sworn before a notary public if not served by an authorized officer:**</div>

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
<div align="center">Date                    Notary Public</div>

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.   The Circuit Clerk also has Neutral Qualifications Forms on file.   These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by
the Americans With Disabilities Act, please notify the Circuit
Clerk's Office at (314) 615-8029, Fax (314) 615-8739, or
TTY (314) 615-4567, at least three business days in
advance of the court proceeding.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 19SL-CC04641                       COURT DATE: APRIL 29, 2020

DARRELL DANCY
VS                                              DIVISION: RM. 386 NORTH, DIV 21

 WIRELESS VISION, LLC

THE ABOVE STYLED CAUSE WILL BE DISMISSED WITHOUT PREJUDICE BY THE COURT ON
THE DATE INDICATED ABOVE.  COSTS TO BE ASSESSED AGAINST THE FILING PARTY
PURSUANT TO RULE 77.01.

IF REQUESTING A REMOVAL, **APPEAR PRIOR TO THE ABOVE INDICATED DATE.**   AT THAT
TIME, UPDATE THE COURT AS TO THE CURRENT STATUS OF THE RELATED LITIGATION OR
CIRCUMSTANCES WHICH HAVE DELAYED THESE PROCEEDINGS.

IF THIS IS A CASE PASSED FOR SETTLEMENT, MORE THAN 30 DAYS HAS ELAPSED.  THE
CASE WILL BE DISMISSED, AS STATED ABOVE, UNLESS YOUR DISMISSAL IS FILED WITH THE
DIVISION CLERK **PRIOR TO THE ABOVE DISMISSAL DATE.**

 JOAN M. GILMER, CIRCUIT CLERK
  April 15, 2020



19SL-CC04641        RM. 386 NORTH, DIV 21
RICHARD J MAGEE
200 SOUTH HANLEY ROAD SUITE 500
CLAYTON, MO  63105

Electronically Filed - St Louis County - May 05, 2020 - 04:55 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**


| | | |
|---|---|---|
| DARRELL DANCY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 19SL-CC04641 |
| v. | ) | |
| | ) | |
| | ) | Division No. |
| WIRELESS VISION, LLC | ) | |
| Serve registered agent: | ) | |
| CSC Lawyers Incorp Service | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |


**PLAINTIFF'S REQUEST FOR ISSUANCE OF AN ALIAS SUMMONS**

COMES NOW Plaintiff and requests issuance of an alias summons directed to Defendant as follows:

> Wireless Vision, LLC
> Serve registered Agent:
> CSC Lawyers Incorp Service
> 221 Bolivar St.
> Jefferson City, MO 65101

The original summons was not served and is filed herewith as Exhibit 1 due to an administrative problem in not forwarding the summons to the Sheriff of Cole County, Missouri. Therefore, request is hereby made for issuance of an alias summons directed to Defendant.


**MAGEE LAW FIRM, LLC**

*/s/Richard J. Magee*
Richard J. Magee #29943
200 S. Hanley Rd., Suite 500
Clayton, MO 63105
314-960-3224
Fax: 314-480-7000
Rmageelawyer@gmail.com
***Attorney for Plaintiff***

Electronically Filed - St Louis County - May 05, 2020 - 04:55 PM



# Office of the Sheriff
## John P. Wheeler
### Sheriff
www.colecountysheriff.org
P. O. Box 426
Jefferson City, Mo. 65101-0426
Civil Phone 573-634-9163
Civil Fax 573-635-0069

*Serving Cole County*
*since 1821*
*with*
*Integrity*
*Fairness*
*and*
*Professionalism*

---

To: **Richard Magee** _____

Case number: **19SL-CC04641** _____

Your document was received at the Cole County Sheriff's Department on **2/10/2020** and is being returned to you **NOT SERVED** for the following reason(s):

☑ Document was received with insufficient time for service.  Summons expire 30 days from date of issue and/or must be served 10 days prior to the court date.  Also enclosed check # **1261** _____

☐ Document was received after the court date.  Please remit with a new court date.  Also enclosed check # _____

☐ Payment of service fees required prior to service.  Please remit your papers with a check or money order made payable to Sheriff of Cole County in the amount of $ _____

☐ Service address is **NOT** in Cole County.  Also enclosed check # _____

☐ Document must have signature and seal of the court.  Also enclosed check # _____

☐ Name of registered agent and service address must be on document.  Also enclosed check # _____

☐ A physical address must be on the document for proper service.  Also enclosed check # _____

☐ Other: _____

Thank you,

John P. Wheeler, Sheriff
Cole County, Missouri

By: _____*Kayla*_____

Electronically Filed - St Louis County - May 05, 2020 - 04:55 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number: 19SL-CC04641 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DARRELL DANCY | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD J MAGEE<br>200 SOUTH HANLEY ROAD<br>SUITE 500<br>CLAYTON, MO 63105 | *RECEIVED*<br>*FEB 1 0 2020*<br>*COLE COUNTY*<br>*SHERIFF'S OFFICE* |
| **vs.** | | |
| Defendant/Respondent:<br>WIRELESS VISION, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  WIRELESS VISION, LLC
**Alias:**

CSC LAWYERS INCORP SERV
221 BOLIVAR ST.
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**ST. LOUIS COUNTY**

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>02-JAN-2020</u>
**Date**

_____ /Clerk

**Further Information:**
**CD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

My commission expires: _____
_____ Date
_____ Notary Public

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-14**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - May 05, 2020 - 04:55 PM

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Louis County - May 05, 2020 - 04:49 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| DARRELL DANCY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 19SL-CC04641 |
| v. | ) | |
| | ) | |
| | ) | Division No. 21 |
| WIRELESS VISION, LLC | ) | |
| Serve registered agent: | ) | |
| CSC Lawyers Incorp. Service | ) | |
| 2221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO REMOVE CASE FROM THE DISMISSAL DOCKET**

COMES NOW Plaintiff and for his motion to remove the above referenced matter from the dismissal docket states as follows:

1.     That the notice of the dismissal docket was sent out the same week that the mother of Plaintiff's counsel passed- away. Plaintiff's counsel was in New Jersey the week of April 13, 2020 for the burial and to be with his family who reside in New Jersey.

2.     Due to the circumstances at that time the date of the dismissal docket was not docketed properly. The case net docket does not indicate any action taken on April 29, 2020.

3.     Plaintiff has filed herewith his request for issuance of alias summons.

WHEREFORE, Plaintiff moves that the above referenced matter be removed from the dismissal docket of April 29, 2020 so that alias summons can be issued and served, and for such other and further orders as this Honorable Court shall deem just and proper.

**MAGEE LAW FIRM, LLC**

*/s/Richard J. Magee*
Richard J. Magee #29943
200 S. Hanley Rd., Suite 500
Clayton, MO 63105
314-960-3224
Fax: 314-480-7000
Rmageelawyer@gmail.com
**Attorney for Plaintiff**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number:  19SL-CC04641 |
|---|---|
| Plaintiff/Petitioner:<br>DARRELL DANCY<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD J MAGEE<br>200 SOUTH HANLEY ROAD<br>SUITE 500<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br> WIRELESS VISION, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to:   WIRELESS VISION, LLC | |
| **Alias:** | |

CSC LAWYERS INCORP SERV
221 BOLIVAR ST.
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>07-MAY-2020</u>
**Date**

_____
**Clerk**

**Further Information:**
GB

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____
_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
        Printed Name of Sheriff or Server                                        Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

        My commission expires: _____        _____
                                                 Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - May 05, 2020 - 04:49 PM

**FILED**

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

MAY 1·1 2020

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

DARRELL DANCY )
)
      Plaintiff, )
)    Cause No. 19SL-CC04641
v. )
)
)    Division No. 21
WIRELESS VISION, LLC )
Serve registered agent: )
CSC Lawyers Incorp. Service )
2221 Bolivar St. )
Jefferson City, MO 65101 )
      Defendant. )

Ordered McClough
5/11/2020

### PLAINTIFF'S MOTION TO REMOVE CASE FROM THE DISMISSAL DOCKET

    COMES NOW Plaintiff and for his motion to remove the above referenced matter from the dismissal docket states as follows:

    1.    That the notice of the dismissal docket was sent out the same week that the mother of Plaintiff's counsel passed- away. Plaintiff's counsel was in New Jersey the week of April 13, 2020 for the burial and to be with his family who reside in New Jersey.

    2.    Due to the circumstances at that time the date of the dismissal docket was not docketed properly. The case net docket does not indicate any action taken on April 29, 2020.

    3.    Plaintiff has filed herewith his request for issuance of alias summons.

    WHEREFORE, Plaintiff moves that the above referenced matter be removed from the dismissal docket of April 29, 2020 so that alias summons can be issued and served, and for such other and further orders as this Honorable Court shall deem just and proper.

Electronically Filed - St Louis County - May 05, 2020 - 04:49 PM

**MAGEE LAW FIRM, LLC**

/s/Richard J. Magee
Richard J. Magee #29943
200 S. Hanley Rd., Suite 500
Clayton, MO 63105
314-960-3224
Fax: 314-480-7000
Rmageelawyer@gmail.com
*Attorney for Plaintiff*

**Case: 4:20-cv-00764-AGF   Doc. #: 1-1   Filed: 06/12/20   Page: 40 of 41 PageID #: 45**

 

Search for Cases by:   Select Search Method...

**Judicial Links**  |  **eFiling**  |  **Help**  |  **Contact Us**  |  **Print**      GrantedPublicAccess   **Logoff** BWESSELSCHMIDT

## 19SL-CC04641 - DARRELL DANCY V WIRELESS VISION, LLC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending   ○ Ascending    Display Options:   All Entries

---

**05/11/2020** ☐ **Remove Case - Setting Docket**
    **Scheduled For:** 04/29/2020; 12:00 AM ; NANCY WATKINS MCLAUGHLIN; St Louis County

    ☐ **Motion Granted/Sustained**
    MOTION GRANTED AND OR SUSTAINED TO REMOVE CASE FROM DISMISSAL DOCKET FILED.
    SO ORDERED: JUDGE NANCY M. WATKINS MCLAUGHLIN DIV. 21
        **Filed By:** RICHARD J MAGEE
        **Associated Entries:** 05/05/2020 - **Motion Filed** ⊞
        **Associated Entries:** 05/11/2020 - **Remove Case - Setting Docket**

**05/07/2020** ☐ **Pluries Summons Issued**
    Document ID: 20-SMCC-4054, for WIRELESS VISION, LLC.Summons Attached in PDF Form for
    Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/05/2020** ☐ **Request Filed**
    Plaintiffs request for issuance of alias summons; Non-est return.
        **Filed By:** RICHARD J MAGEE
        **On Behalf Of:** DARRELL DANCY

    ☐ **Motion Filed**
    Plaintifs Motion to Remove Case From Dismissal Docket.
        **Filed By:** RICHARD J MAGEE
        **On Behalf Of:** DARRELL DANCY
        **Associated Entries:** 05/11/2020 - **Motion Granted/Sustained** ⊞

**04/15/2020** ☐ **Dismissal Hearing Scheduled**
        **Associated Entries:** 05/11/2020 - **Remove Case - Setting Docket**
        **Scheduled For:** 04/29/2020; 12:00 AM ; NANCY WATKINS MCLAUGHLIN; St Louis County

**01/02/2020** ☐ **Alias Summons Issued**
    Document ID: 20-SMCC-14, for WIRELESS VISION, LLC. Summons Attached in PDF Form for Attorney
    to Retrieve from Secure Case.Net and Process for Service.

**01/01/2020** ☐ **Alias Summons Requested**
    Request for issuance of alias summons; Exhibit 1.
        **Filed By:** RICHARD J MAGEE
        **On Behalf Of:** DARRELL DANCY

**10/21/2019** ☐ **Summons Issued-Circuit**
    Document ID: 19-SMCC-9762, for WIRELESS VISION, LLC.Summons Attached in PDF Form for
    Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/15/2019** ☐ **Filing Info Sheet eFiling**
        **Filed By:** RICHARD J MAGEE

    ☐ **Pet Filed in Circuit Ct**

Petition for Damages; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.
**On Behalf Of:** DARRELL DANCY

☐ **Judge Assigned**
DIV 21