UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL DANCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-00764 |
| | ) |
| WIRELESS VISION, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. For the reasons set forth below, the motion will be denied.

## **BACKGROUND**

Plaintiff Darrell Dancy, who is African American, originally filed this lawsuit in state court alleging that Defendant Wireless Vision unlawfully discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. ECF No. 1-1 at 2. Defendant removed the action to this Court, invoking both federal question and diversity jurisdiction,[1] and filed the present motion to dismiss the complaint for failure to exhaust administrative remedies. More specifically,

---

[1] This Court has federal question jurisdiction under 28 U.S.C. § 1331 insofar as Plaintiff's complaint arises under Title VII. Though unnecessary, Defendant also submits that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the state of Illinois and Defendant is a Michigan limited liability company with no members or owners in Missouri, and the damages sought, although not specified by Plaintiff, would exceed $75,000.

Defendant contends that Plaintiff failed to file a charge of discrimination with the EEOC within 300 days of his termination as required by Title VII.  The record reflects the following chronology.

Plaintiff was employed as a retail store manager for Defendant from March 2014 until his termination on February 19, 2016.  ECF No. 1-1 at pp. 8, 16.  Exactly 273 days after his termination, on November 15, 2016, Plaintiff filed with the EEOC an initial intake questionnaire on which he checked boxes claiming discrimination on the basis of race, retaliation, and pregnancy.  In the narrative sections, Plaintiff stated that his termination was "put into motion" after he opted out of a trip to New York due to the upcoming birth of his child - an event for which he had previously obtained approval for leave under the Family Medical Leave Act.  Plaintiff further asserted in this questionnaire that Defendant's reason for terminating him (later clarified in the charge) was "beyond [his] control" and that "others who were involved" or "who had the exact same scenario occur [at] their locations" were not terminated.  Above his signature, Plaintiff checked the box indicating that he wished to file a charge of discrimination and authorized the EEOC to investigate.

On December 10, 2018, long past the 300-day deadline, Plaintiff, through counsel, filed with the EEOC a formal charge of discrimination asserting claims of race discrimination and retaliation.  ECF 1-1 at 12.  In the narrative, Plaintiff clarified that Defendant's stated reason for termination was that Plaintiff had failed to address fraudulent "credit class R" transactions that had occurred at his store, though Plaintiff did address the problem.  Plaintiff further stated that Defendant falsely characterized a phone

call as a formal coaching conversation and did not follow its own progressive discipline policy before terminating him.  Plaintiff asserted that his supervisors had "significant, unreasonable, and irrational hostility towards [his] request for family medical leave . . . motivated by the fact [that his] wife is white." ECF 1-1 at 13.  Plaintiff stated that similarly situated employees who were not African American were treated more favorably and were not disciplined as a result of fraudulent credit class R transactions.

On July 17, 2019, the EEOC issued a right-to-sue notice.  ECF No. 1-1 at 14.  On October 15, 2019, Plaintiff filed a petition in state court asserting two counts of discrimination, under Title VII and 42 U.S.C. § 1981, respectively, and one count under Mo. Rev. Stat. § 290.140 (governing an employer's obligation to provide a service letter after termination).[2]  ECF No. 5.  In the petition, Plaintiff pleads that his supervisors were willing to overlook the problematic transactions in his store because Plaintiff's race was valuable to their business objectives in New York.  But then when Plaintiff opted out of that trip for family reasons, Plaintiff was forced to write a letter of apology to his co-workers and was then terminated.

In support of its motion to dismiss, Defendant contends that Plaintiff's claim is time-barred because he failed to file his EEOC charge within 300 days of his termination.  In response (ECF No. 11), Plaintiff asserts that his intake questionnaire, filed within the

---

[2]   Defendant notes that Plaintiff has filed two other lawsuits relating to his termination.  ECF No. 9 at p. 2, FN 1.  One previously pending in this Court was dismissed without prejudice for failure to prosecute.  *Dancy v. Wireless Vision LLC*, Case No. 4:17cv2126-RLW.  Another previously pending in the Circuit Court of St. Louis County was voluntarily dismissed during discovery.  *Dancy v. Wireless Vision LLC, et al.*, Case No. 18SL-CC03132.

300-day period, was sufficient to place Defendant on notice of his intent to pursue a claim; as such, he exhausted administrative remedies and his claim is timely. In reply (ECF No. 12), Defendant maintains that the questionnaire does not contain sufficient particulars to constitute a charge and, moreover, the facts alleged in the questionnaire versus the complaint are too different to permit the former to preserve the latter.

## DISCUSSION

**Rule 12(b)(6) Standards**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**Analysis**

Title VII requires that, before a plaintiff can bring a suit in court claiming unlawful discrimination or retaliation, he must file a timely charge with the EEOC or the

appropriate state or local agency.  42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002).  In Missouri, this obligation must be discharged within 300 days of the adverse employment action.  *Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011).

In support of his position that his intake questionnaire was sufficient to constitute a timely charge, Plaintiff relies on *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008), instructing that a questionnaire can constitute a charge where it contains the information required by applicable regulation and can be reasonably construed as a request for agency action.  Defendant counters that *Holowecki*, an age discrimination case, involved different regulations and a distinguishable record, including a six-page affidavit attached to the questionnaire.  Defendant further argues that Plaintiff's questionnaire fails to articulate facts suggesting discrimination and cannot be construed as a request for agency action.

The applicable regulation setting forth the requirements of a charge states in pertinent part as follows:

> (a) Each charge should contain the following:
>> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
>>
>> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
>>
>> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
>>
>> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

– 5 –

> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.
>
> (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to *describe generally the action or practices complained of. A charge may be amended* to cure technical defects or omissions, including failure to verify the charge, or *to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received*. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12.

The Court finds that Plaintiff's questionnaire satisfies these requirements and, in accordance with paragraph (b), the additional particulars set forth in Plaintiff's formal charge relate back to the timely questionnaire. Contrary to Defendant's argument, the Court finds the substance of the questionnaire sufficient insofar as Plaintiff checked the box for race discrimination and asserted that similarly situated non-African American employees who had "the exact same scenario occur with their locations" (referring to the problem transactions that were Defendant's stated reason for terminating Plaintiff) were not terminated.[3] Plaintiff's subsequent charge further clarified and amplified the allegations, as permitted by paragraph (b) above.

---

[3] Defendant also checked the box for retaliation stemming from his withdrawal from a business trip due to family leave. Plaintiff does not appear to pursue a claim of retaliation in his complaint.

The Court also finds that Plaintiff's timely questionnaire can be construed as a request for agency action, as required by *Holowecki*.  After *Holowecki* was decided, the EEOC questionnaire was modified to include check boxes above the signature line specifying the nature of agency action requested.  Plaintiff checked Box 2 of the questionnaire authorizing the EEOC to investigate the discrimination described therein.  ECF No. 1-1 at p. 11.  Other courts have recognized that this satisfies the requirement.  *See e.g., Hildebrand v. Allegheny County*, 757 F.3d 99, 113 (3d Cir. 2014) ("Under the revised form, an employee who completes the Intake Questionnaire and checks Box 2 unquestionably files a charge of discrimination."); *Patillo v. Sysco Foods of Arkansas, LLC,* No. 4:16CV00722 JLH, 2018 WL 2465770, at *5 (E.D. Ark. June 1, 2018) (citing *Hildebrand*).

Lastly, Defendant argues that the allegations in Plaintiff's questionnaire are too different from those later pleaded in his complaint, such that the charge was insufficient to constitute notice of the actual claim.  Defendant's argument relies entirely on the content of the questionnaire without regard to the supplemental facts in the subsequent charge, which Defendant disregards as untimely.  This premise is flawed, as paragraph (b) of the regulation makes clear.  Viewing the questionnaire and charge together, the Court does not find them defective as a basis for the complaint.  Courts "do not require that subsequently-filed lawsuits mirror the administrative charges." *Duncan v. Delta Consol. Indus. Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004) (abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011); *Favaloro v. BJC Healthcare*, 4:14-CV-284 CAS, 2015 WL 6531867, at *3 (E.D. Mo. Oct. 28, 2015).  The

sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation that could reasonably be expected to grow out of the charge.  *Id.* (citing *Cobb v Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).  *See also, Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986) (same), and *Mayes v. Reuter*, 4:17 CV 2905 CDP, 2018 WL 2267905, at *6 (E.D. Mo. May 17, 2018) (citing *Anderson* for the proposition that "claims should be interpreted liberally, such that administrative remedies are deemed exhausted as to all incidents of discrimination that are 'like or reasonably related to the allegations' of the charge").

.	Further, while not the model of clarity, the questionnaire alone may fairly be read to allege that Plaintiff was terminated from his employment after advising that he could not go on a trip to New York due to his wife's pregnancy, for which he had been given FLMA leave; that this termination was racially motivated; and that others who engaged in similar conduct (presumably referencing the grounds Defendant provided for Plaintiff's termination) were not terminated.  His later EEOC charge and complaint allege little more than this, except that the EEOC charge further explains that part of the racial animus was due to the fact that Plaintiff is black and his wife is white, and specifies the alleged reason for his termination (for which the company would have had notice), which Plaintiff alleges was false.  That the complaint states a slightly different motivation, namely, that the termination was motivated by the fact that the company would be unable to use Plaintiff's race as an example during the trip, does not prevent relation-back.  Plaintiff is, at bottom, still alleging that his termination was racially motivated, based on his refusal to go on the trip to New York; that the reason given for his

termination was untrue; and others who engaged in conduct similar to that offered as the reason for his termination were treated more favorably.

The Court concludes that Plaintiff's timely questionnaire was sufficient to constitute a charge, which was subsequently amended as permitted by 29 C.F.R. 1601.12(b), and that the allegations in the complaint are reasonably related thereto. Thus, Plaintiff exhausted his administrative remedies, and his complaint therefore survives the present motion to dismiss.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF No. 8.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November 2020.